IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES of AMERICA                       PLAINTIFF/RESPONDENT

v.           No. 5:16-CR-50055

JAMES DWAYNE MYERS                       DEFENDANT/MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On March 22, 2021, the Defendant/Movant James Myers (hereinafter "Defendant") filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. (ECF No. 52). The Government filed its Response on April 20, 2021. (ECF No. 55). Defendant did not reply and his § 2255 motion is now ripe for consideration. This Court finds that an evidentiary hearing is unnecessary, *Engelen v United States,* 68 F.3d 238, 240 (8th Cir. 1995), and thus, issues the following Report and Recommendation.

**I. Background**

On November 16, 2016, Defendant was indicted on two counts of knowingly and intentionally distributing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii), and one count of felon in possession of a firearm in violation of 21 U.S.C. §§ 922(g)(1), 924(a)(2). (ECF No. 1). On February 2, 2017, Defendant appeared with appointed counsel before the U.S. Magistrate Judge Erin L. Setser who recommended the district court accept Defendant's proffered plea of guilty to Count III (violation of §§ 922(g) and 924(a)(1)) and tentatively approve Defendant's written plea agreement. (ECF No. 15). United States District Judge

Timothy L. Brooks adopted the Report and Recommendation on February 3, 2017. (ECF No. 16). On June 14, 2017, Defendant appeared for sentencing before U.S. District Judge Robert T. Dawson at which time the Court accepted Defendant's plea agreement and sentenced Defendant as an armed career criminal to 188 months' imprisonment. *See* 21 U.S.C. § 924(e)(1); (ECF No. 30).

On June 26, 2017, Defendant appealed his conviction and sentence to the Court of Appeals for the Eighth Circuit, arguing that two of his prior felony convictions – first-degree terroristic threatening and second-degree battery – should not be counted as violent felonies under 21 U.S.C. § 924(e)(1), the Armed Career Criminal Act ("ACCA"), for purposes of sentencing. (ECF No. 33). After a *de novo* review, Defendant's sentence was affirmed on July 23, 2018. (ECF No. 41). Defendant subsequently filed a Petition for Writ of Certiorari which was granted, and the U.S. Supreme Court, on May 13, 2019, vacated the decision of the circuit court and remanded for further consideration. (ECF No. 45). On remand, the Court of Appeals considered Defendant's ACCA argument a second time, once again affirming Defendant's sentence on July 2, 2019. (ECF No. 46). A second Petition for Writ of Certiorari was denied by the Supreme Court. (ECF No. 50).

On March 22, 2021, Defendant filed the instant *pro se* Motion to Vacate under 28 U.S.C. § 2255, asserting two grounds for relief. First, Defendant says his 2017 "guilty plea is invalid as it was entered unknowingly and unintelligently," citing the United States Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019) ("*Rehaif*"). Second, Defendant alleges that, at the time of sentencing, the district court did not consider the "question of jury unanimity" and thus, did not "properly apply the divisibility analysis as prescribed in *Mathis*. . . ." Defendant's reference is to the Supreme Court's decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016).

The Government responds that Defendant's first ground for relief pursuant to *Rehaif* is

procedurally defaulted and that Defendant cannot establish actual innocence; alternatively, the Government argues counsel's performance was not constitutionally deficient under the test employed by *Strickland v. Washington,* 466 U.S. 668, 687 (1984). With respect to Defendant's second ground for relief, the Government points out that the divisibility analysis and/or jury unanimity was an inherent part of Defendant's appeals' process and cannot now be re-litigated under § 2255.

## II.   Discussion

### A.   *Rehaif* & Defendant's Procedural Default

A federal prisoner may challenge his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. While Defendant's *pro se* § 2255 motion is construed liberally, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), Defendant "bears the burden of showing that he is entitled to relief." *Walker v. United States*, 900 F.3d 1012, 1015 (8th Cir. 2018). Because habeas relief is an extraordinary remedy, it will not be allowed to serve as an appeal and significant barriers exist in the path of a petitioner who seeks to raise an argument collaterally which was not raised on direct review. *See United States v. Moss,* 252 F.3d 993, 1001 (8th Cir. 2001)(*citing Bousley v. United States*, 523 U.S. 614, 621, (1998)), *cert. denied,* 534 U.S. 1097 (2002). "More specifically, a claim unraised on direct appeal is procedurally defaulted unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *Id.; see also Swedzinski v. United States,* 160 F.3d 498, 500 (8th Cir. 1998)(where issue is raised for the first time in a § 2255 motion and petitioner did not raise the issue at trial or on direct appeal, the issue is procedurally defaulted), *cert. denied*, 528 U.S. 846 (1999).

In *Rehaif,* the Supreme Court explained that in a prosecution pursuant to § 922(g), the Government is required to prove, *inter alia,* that defendant knew he belonged to the category of

3

persons barred from possessing a firearm. *Rehaif,* 139 S.Ct. at 2196. Here, Defendant maintains he was never apprised of that element – i.e., scienter or knowledge-of-prohibited-status as a felon – and therefore, his guilty plea was not knowingly entered. Defendant did not raise this argument before the district court or in his appeal to the Eighth Circuit and thus, this issue is procedurally defaulted. *Silk v. United States*, 955 F.3d 681 (8th Cir. 2020). The Supreme Court did not announce a new constitutional right or rule in *Rehaif* but instead clarified what the Government must establish to support a conviction under § 922(g). *See United States v. Coleman,* 961 F.3d 1024, 1026 (2020). Even had the Court announced a new constitutional right, there is nothing to suggest that it is retroactively applicable to cases on collateral review. Because Defendant failed to raise his *Rehaif* claim on direct appeal, to pursue it now he must show either (1) cause for the procedural default plus actual prejudice or (2) actual innocence. *Jennings v. United States*, 696 F.3d 759, 764 (8th Cir. 2012) (citing *Bousley v. United States,* 523 U.S. 614, 622 (1998) (explaining that a claim that a plea was involuntary and unknowing is procedurally defaulted on collateral review if the issue was not first raised on direct appeal).

A defendant must illustrate a "cause that excuses the default." *Matthews v. United* States, 114 F.3d 112, 113 (8th Cir. 1997). Defendant has not identified any external impediment for failing to raise this claim. Had Defendant suggested to the Court that the "novel" exception[1] to the futility doctrine was applicable to his situation, the Eighth Circuit foreclosed this argument in its previous consideration of the issue. *See United States v. Thomas,* 615 F.3d 895, 899 (8th Cir. 2010) ("[I]t is well settled in this circuit that the government need only prove defendant's status as a convicted

---

[1] When determining whether a claim is novel, "the question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." *Smith v. Murray*, 477 U.S. 527, 537 (1986).

felon and knowing possession of the firearm.") In the absence of any argument of cause or external impediment that prevented Defendant from raising this issue with the district court or on direct appeal, the Court not need consider the issue of actual prejudice. *See Ashker v. Class,* 152 F.3d 863, 871 (8th Cir. 1998). Even assuming, *arguendo*, that Defendant successfully could illustrate cause for the default, it is unlikely Defendant could demonstrate probability that, but for the error, he would not have entered a plea of guilty.

A procedural default also may be excused with a threshold showing that Defendant is "actually innocent." *Bousley, supra*. In other words, if Defendant persuades the court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 329 (1995). Here, Defendant's argument is more akin to legal innocence as opposed to factual innocence as it is undisputed Defendant had multiple felony convictions, more than one of which required incarceration in excess of one year at the time Defendant entered his 2017 guilty plea to the § 922(g) count of the Indictment. *See Anderson v. United States*, 25 F.23d 704, 7070 (8th Cir. 1994). Thus, the central issue in *Rehaif* – "that of the government's burden of proving that the defendant knows his status" – is inapplicable here. *See Rehaif,* 139 S.Ct. at 200; *see also* Final Presentence Investigation Report (ECF No. 32). Defendant's criminal history "would undoubtedly have provided sufficient evidence" to prove knowledge of his § 922(g) felon status at the time he committed this offense, and while Defendant objected to being classified as an armed career criminal for purposes of sentencing, Defendant did not object to the recitation of his actual criminal history in Paragraphs 51-74 of the initial Presentence Investigation Report or the calculation of the criminal history score of 18. *See United States v. Caudle*, 968 F.3d 916, 922 (8th Cir. 2020); *see also*

Presentence Investigation Report (ECF No. 18) and Defendant's Objections to PSIR. (ECF No. 21). The knowledge requirement of *Rehaif* "can be inferred from circumstantial evidence," *Rehaif*, 139 S. Ct. at 2198, and as the Court noted in *Mackins v. United States*, 2021 WL 409965 (E.D. Mo., Feb. 5, 2021) when addressing a similar issue, "[a]ny notion that Defendant was somehow unaware of his status as a convicted felon is patently implausible." The Eighth Circuit has recognized that the "lack of a plausible ignorance defense means that any § 922(g) defendant who served more than a year in prison on a single count of conviction will face an uphill battle to show that a *Rehaif* error in a guilty plea affected his substantial rights." *Caudle*, 968 F.3d at 922 (*quoting United States v. Williams,* 946 F.3d 968, 974 (7th Cir. 2020); *see also United States v. Hollingshed*, 940 F.3d 410, 416 (8th Cir. 2019) (applying plain error review to *Rehaif* claim raised on direct appeal and concluding that, because defendant had served approximately four years in prison on prior conviction, he could not "show a reasonable probability that, but for the error, the result of the proceeding would have been different."); *United States v. Everett*, 977 F.3d 679, 686-87 (8th Cir. 2020) (accord); *United States v. Welch*, 951 F.3d 901, 907 (8th Cir. 2020) (no plain error when defendant was previously incarcerated for more than one year). Given Defendant's criminal history conclusively established in the record, Defendant cannot establish his actual innocence.

Because Defendant is *pro se,* the Court liberally will construe his § 2255 petition as one asserting grounds of relief based on ineffective assistance of counsel. In order to prevail on such a claim, Defendant must illustrate, by a preponderance of the evidence, that counsel's assistance fell below an objective standard of reasonableness and that the deficient performance prejudiced the Defendant. *See Becht v. U.S.* 403 F.3d 541, 545 (8th Cir. 2005), *cert. denied*, 546 U.S. 1177 (2006); *Strickland v. Washington,* 466 U.S. 668 (1984). With respect to guilty pleas, Defendant must

establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). This evaluation of counsel's performance is made "in light of the facts and circumstances at the time of the trial," *Carter v. Hopkins,* 92 F.3d 666, 669 (8th Cir. 1996), without engaging in hindsight. *Kenley v. Armontrout*, 937 F.2d 1298, 1303 (8th Cir. 1991). No lengthy recitations or analyses are required for the Court to conclude counsel was not ineffective in failing to anticipate *Rehaif.* See *Toledo v. United States*, 581 F.3d 678, 681 (8th Cir. 2009); *Parker v. Bowersox,* 188 F.3d 923, 929 (8th Cir. 1999). "We cannot require trial counsel to be clairvoyant of future Supreme Court decisions in order to provide effective assistance." *Driscoll v. Delo*, 71 F.3d 701, 713 (8th Cir. 1995), *cert. denied,* 519 U.S. 910 (1996). Any ineffective assistance claim construed from Defendant's petition fails under the first prong of *Strickland* as counsel is not required to make objections which would be considered meritless under then-existing law (*United States v. Thomas, supra*) or to anticipate future amendments in the law (*Rehaif*). Moreover, having reviewed the transcript, there is nothing whatsoever to suggest that counsel's performance with respect to Defendant's change of plea was in any manner deficient and thus, the Court need not consider prejudice. *See Brown v United States*, 311 F.3d 875, 878 (8th Cir. 2002).

For these reasons, with respect to Defendant's § 2255 contention that his 2017 "guilty plea is invalid as it was entered unknowingly and unintelligently," the Court finds Defendant has not overcome the procedural default of this argument and will recommend its dismissal.

**B.** *Mathis* **and ACCA**

Defendant's second ground for relief is that the district court did not properly apply the divisibility analysis as prescribed in *Mathis, supra,* because it did not consider the question of "jury

unanimity." Issues decided on a direct appeal cannot be raised again in a § 2255 motion. *United States v. Kraemer* 810 F.2d 173, 177 (8th Cir. 1987) (defendant cannot raise the same issues in motion to vacate a sentence that have been decided on direct appeal or in a new trial motion). In other words, "[c]laims which were raised and decided on direct appeal cannot be re-litigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *Dall v. United States,* 957 F.2d 571, 572 (8th Cir. 1992) (*per curiam*) (quoting *United States v. Shabazz,* 657 F.2d 189, 190 (8th Cir. 1981) (*per curiam*).

As noted herein, Defendant appealed to the Eighth Circuit where his sentence of conviction was affirmed in *United States v. Myers*, 896 F.3d 866 (8th Cir. 2018) ("*Myers I*"). Defendant subsequently was successful in his first petition for writ of certiorari with respect to his *Mathis* divisibility argument. *See Myers v United States*, 139 S.Ct. 1540 (2019). Although Defendant obtained no relief when the appellate court subsequently reconsidered his sentence on remand, *United States v. Myers*, 928 F.3d 763 (8th Cir. 2019) ("*Myers II*"), *Mathis* and its framework were at the heart of the Eighth Circuit's analysis. The appellate court viewed its earlier affirmance of Defendant's second-degree battery conviction as a violent felony undisturbed by the Supreme Court's remand, and turned its attention to Defendant's felony conviction for terroristic threatening. The same three judge panel held that Ark. Code Ann. § 5-13-301(a)(1)(A) is divisible; employed a modified categorical approach/analysis; and determined that, at the time of his sentencing before Judge Dawson, Defendant previously had been convicted of the terrorist threatening of his girlfriend, a violent felony for the purposes of the ACCA, and thus, was properly sentenced under the ACCA. *Id.*

In Defendant's second petition for writ of certiorari – which was denied by the Supreme

Court on November 20, 2019 in *Myers v. United States,* 140 S.Ct. 2572 (2019) – the question presented for review was: "May a court properly apply a divisibility analysis prescribed by *Mathis v. United States,* 136 S.Ct. 2243 (2016), without considering the question of jury unanimity?" (ECF No. 52). Defendant's petition for writ argues the Eighth Circuit – contrary to other cited circuits – misapplied *Mathis* by "completely ignoring perhaps its [most] important facet: jury unanimity" in both *Myers I* and *Myers II.* Defendant argued the Eighth Circuit erroneously failed to adopt "a unanimity-focused approach to the means-or-elements question" under *Mathis*, citing *United States v. Degeare*, 884 F.3d 1241, 1252 (10th Cir. 2018); however, as noted, the Supreme Court denied the petition.

  Defendant fatally remakes these same arguments in his current § 2255 petition. Raised and decided during Defendant's direct appeals, albeit contrary to Defendant's contentions, Defendant cannot obtain a reconsideration of these arguments here. Moreover, there has been no modification of the law in the interim; to the contrary, the Eighth Circuit subsequently cited *Myers II* as foreclosing arguments regarding the divisibility of Ark. Code Ann. § 5-13-301(a)(1)(A). *See United States v. Ingram*, 793 Fed. Appx. 462, 463 (8th Cir. 2020). While analysis of Defendant's argument that *Myers I* and *Myers II* are internally inconsistent and represent a split from other circuits on the issue of jury unanimity might be an interesting scholarly exercise, the Court cannot consider Defendant's petition even were it so inclined. *See United States v. Kraemer*, *supra*.

  For these reasons, with respect to Defendant's § 2255 contention that the district court did not properly apply the divisibility analysis as prescribed in *Mathis, supra,* because it failed to consider the question of "jury unanimity," the Court finds this issue foreclosed and will recommend its dismissal.

### III. Conclusion

Based upon the forgoing, the Court recommends that the Defendant's § 2255 motion (ECF No. 52) be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court further recommends that a certificate of appealability not issue because Defendant has failed to "make a substantial showing of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 9th day of June 2021.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE